UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED R. SOSA,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF CORCORAN STATE PRISON,<br><br>        Respondent. | Case No.   1:21-cv-01094-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO STAY, DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos. 5, 8)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Alfred R. Sosa, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 5, "Petition"). Before the Court is Petitioner's motion for a stay and abeyance under *Rhines*.[2] (Doc. No. 8); *Rhines v. Weber*, 544 U.S. 269 (2005). The Court ordered Respondent to respond to the motion to stay. (Doc. No. 16). Respondent filed an opposition to Petitioner's motion to stay (Doc. No. 18), and Petitioner filed a reply (Doc. No. 19). For the reasons set forth more fully below, the undersigned recommends denying Petitioner's

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] While not initially specified in his motion to stay, Petitioner specifically argued he was entitled to a stay under *Rhines* in his reply brief. (Doc. No. 19).

motion to stay and dismissing the Petition for lack of federal habeas jurisdiction.

## BACKGROUND

Petitioner commenced this action in the Northern District of California by filing a letter seeking "Clarification Habeas Corpus" and was directed to file a completed petition on the approved form. (Doc. Nos. 1, 2). After Petitioner filed his Petition, the Northern District transferred the case to this Court noting Petitioner was challenging a disciplinary proceeding and the loss of good time credits. (Doc. Nos. 5, 13). The Petition challenges a disciplinary conviction of attempted murder with a STG nexus that resulted in a loss of 360 days of credits. (Doc. No. 5 at 2, 55). The Petition raises the following grounds for relief: (1) Petitioner's disciplinary finding of guilt should be vacated because it violates the Ashker Agreement; and (2) the disciplinary finding of guilt should be vacated because it is based on insufficient evidence. (*Id*. at 7-10). Petitioner also submitted a third conclusory claim that based on the "foregoing" two grounds for relief, his federal due process rights were violated. (*Id*. at 11). Petitioner is serving an indeterminate life sentence for murder. (Doc. No. 5 at 1-2).

On July 8, 2021, the same day Petitioner filed his Petition in the Northern District of California, he simultaneously filed the instant motion to stay and hold his Petition in abeyance so he could exhaust his claims. (Doc. No. 8). Petitioner concedes his claims have not been exhausted because he "mistakenly believed that since his claims relate to a breach of the Ashker Agreement he can seek judicial relief directly through this Court," and asks the Court to stay the Petition as he "intends to present such claims to the state court." (Doc. No. 8). Respondent argues the motion to stay should be denied because he failed to show good cause for granting the stay and his claims are meritless. (Doc. No. 18). Respondent additionally argues that the Petition should be dismissed because the Court lacks jurisdiction. (*Id*.at 3). Petitioner replied that his motion to stay should be granted because his claims are not meritless and this Court has jurisdiction, he has shown good cause for granting a stay, he has not engaged in dilatory litigation tactics, and he has acquired "new evidence" to support the grounds for relief in his Petition. (Doc. No. 19).

## APPLICABLE LAW AND ANALYSIS

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Motion to Stay

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The U.S. Supreme Court has held that a district court may not adjudicate a federal habeas corpus petition unless the petitioner has exhausted state remedies on each of the claims raised in the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

However, under *Rhines v. Weber*, a court may stay all the claims in a petition while the petitioner returns to the state courts to exhaust his already pled but unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A stay and abeyance "should be available only in limited circumstances" because issuing a stay "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id*. Under *Rhines*, a stay and abeyance for a mixed petition, a petition that contains both exhausted and unexhausted claims, is available only where: (1) there is "good

cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Id*.

Here, even assuming arguendo that Petitioner has shown good cause for his conceded failure to exhaust his claims, and has not intentionally engaged in dilatory litigation tactics, he does not meet the *Rhines* requirements because his unexhausted claims are plainly meritless. "A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017). "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Id*. (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)).

Petitioner claims the disciplinary "finding of guilt" should be "vacated" because it violates the Ashker Agreement and is based on insufficient evidence, thereby violating his due process rights. (Doc. No. 5-1 at 1-11). Respondent contends the Court lacks federal habeas jurisdiction over the challenge to a disciplinary decision because the Petition does not necessarily challenge the fact or duration of Petitioner's sentence. Specifically, Respondent argues that because Petitioner is serving an indeterminate life sentence relief, even if granted, on his claims would not necessarily result in a change to his quantum of custody. (Doc. No. 18 at 3-4). The Court agrees.

"The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In *Nettles v. Grounds,* 830 F.3d 922, 935 (9th Cir. 2016), the Ninth Circuit held that the district court lacked habeas jurisdiction over the discipline-related claim of a California inmate serving an indeterminate life sentence, because success on the merits of the petitioner's claim "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not

4

necessarily lead to a grant of parole." *Nettles,* 830 F.3d at 934-35. Further, "[b]ecause success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement, [his] claim does not fall within 'the core of habeas corpus' and he must instead bring his claim under § 1983." *Id.* at 935.

Here, as in *Nettles*, Petitioner is an indeterminately sentenced prisoner challenging a disciplinary finding. Thus, even assuming that success on Petitioner's claims would render him eligible for parole consideration, it would not necessarily lead to a grant of parole because under California law the parole board must consider all relevant reliable information in determining suitability for parole, and "has the authority to deny parole on the basis of any grounds presently available to it." *Nettles*, 830 F.3d at 935 (citing *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)). Because success on Petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus," and is not cognizable in federal habeas corpus. *See id.*; *see also Harris v. Peery*, 2022 WL 2373737, at *3 (E.D. Cal. June 30, 2022) (no federal habeas jurisdiction with respect to indeterminately sentenced petitioner's challenge to disciplinary decision); *Moreno v. Eaton*, 2021 WL 1388297 (E.D. Cal. Apr. 13, 2021) (same).

When, as here, the claim to be exhausted is not cognizable on federal habeas or plainly meritless, "a stay should not be granted under *Rhines* or *Kelly* because a stay would be futile." (Doc. No. 12 at 7); *see Gonzales v. Pfeffer*, 2020 WL 5520597, at *4-5 (C.D. Cal. Aug. 6, 2020) (finding Petitioner was not entitled to a stay under *Rhines* or *Kelly* because his claim concerning denial of his petition for resentencing was noncognizable on federal habeas review); *Montes v. Frauenhiem*, 2020 WL 2139334, at *2 (C.D. Cal. 2020) (finding a stay under *Kelly* or *Rhines* would be futile because the claim in question was not cognizable, and specifically noting that petitioner's attempt to frame his state law sentencing claim as "one involving a violation of his federal constitutional right to due process" did not render the claim cognizable); *Bell v. Arnold*, 2017 WL 4174402, at *3 (C.D. Cal Aug. 31, 2017) ("Obviously, there is no reason for a court to exercise its discretion to stay an action if the claim for which the stay is sought is not cognizable

or is plainly meritless, as such a stay would be a fruitless and time-wasting event.") Accordingly, the undersigned recommends Petitioner's motion for a stay be denied.

Further, as the unexhausted claims are not cognizable on federal habeas review, the undersigned recommends the Petition be dismissed for lack of federal habeas jurisdiction.

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the undersigned recommends that the court decline to issue a certificate of appealability.

Accordingly, it is **ORDERED**:

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. Petitioner's motion to stay (Doc. No. 8) be DENIED.

2. The Petition (Doc. No. 5) be DISMISSED for lack for lack of federal habeas jurisdiction.

3. Petitioner be denied a certificate of appealability.

////

////

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  November 21, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE